STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | Civil Action File Number<br>PC-2017-1610 |
|---|---|
| **Plaintiff**<br>Nadine Lima<br>v.<br>**Defendant**<br>City Of East Providence, By Its Finance Director Malcolm Moore Officially | **Attorney for the Plaintiff or the Plaintiff**<br>Sonja L. Deyoe |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>LAW OFFICES OF SONJA L DEYOE<br>395 SMITH STREET<br>PROVIDENCE RI 02908 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>145 Taunton Avenue<br>East Providence RI 02914 |

**TO THE DEFENDANT**, City of East Providence, by its Finance Director Malcolm Moore officially:

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 4/11/2017. | /s/ Henry Kinch<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

Case Number: PC-2017-1610
Filed in Providence/Bristol County Superior Court
Submitted: 4/11/2017 9:16:00 AM
Envelope: 999756
Reviewer: Lynn G.

STATE OF RHODE ISLAND  SUPERIOR COURT
PROVIDENCE, S.C,

NADINE E. LIMA

v.  P.C.17

CITY OF EAST PROVIDENCE, by and
Through its Finance Director, Malcolm Moore And
CITY OF EAST PROVIDENCE SCHOOL
DEPARTMENT, by and through its
Superintendent, individually and in her official
Capacity, KATHRYN CROWLEY

## FACTS

1. The Plaintiff Nadine E. Lima is a Florida resident.

2. The Defendant City of East Providence ("EP") is sued by and through its Finance Director Malcolm Moore in his official capacity only.

3. The Defendant Kathryn Crowley is sued in her individual capacity and as the Superintendent of the City of East Providence School Department ("EPSD").

4. The Plaintiff Nadine E. Lima was a principal for the East Providence School Department (EPSD) until early August 2016.

5. Jurisdiction is proper in this court as more than $5,000.00 in damages and injunctive relief are sought.

6. In 1990, the Plaintiff applied for several positions with the East Providence School Department and all of the positions she sought were filled by Caucasians.

7. Thereafter Plaintiff filed a charge with the Rhode Island Commission for Human Rights alleging discriminatory hiring processes, which resulted in a conciliation agreement in her favor.

8. On or about Spring 2013, the Plaintiff applied for three different positions with the East Providence School Department, the position of Superintendent, Director of Education and Curriculum Coordinator.

9. On or about January 2014, the City of East Providence, by and through its Budget Commission, with full notice of the Plaintiff's prior conciliation agreement, Kim Mercer, a Caucasian, was hired as the Superintendent of the Defendant EPSD.

10. Thereafter, Plaintiff filed suit alleging that the Defendant EPSD failed to abide by the

Case Number: PC-2017-1610
Filed in Providence/Bristol County Superior Court
Submitted: 4/11/2017 9:16:00 AM
Envelope: 999756
Reviewer: Lynn G.

terms of the conciliation agreement and alleging discrimination.

11. At the time of the Superintendent's selection, no Affirmative Action Committee for the Defendant EPSD existed.

12. Thereafter, Plaintiff and Defendants in the underlying action entered into a settlement agreement.

13. On of the terms of the agreement was that "The City and the school department will provide a joint statement to plaintiff that there will be no retaliation for plaintiff's suit."

14. One of the terms of the settlement agreement was that: "The school department will, on its own, create and fun an affirmative action position with duties and responsibilities similar to the current affirmative action office for the City of East Providence."

15. The Defendant EPSD agreed to "fill that position using good governmental practices in light of the current ordinances, affirmative action plan and town charter."

16. After the complaint was dismissed, all of the Defendants retaliated against the Plaintiff for filing said suit by doing the following:

    a. Providing Plaintiff with a substandard evaluation and listing her as "Developing" when the Defendant by and through its agent, Assistant Superintendent Sandy Forand, failed to follow the proper evaluation protocol which would have given the Plaintiff a Middle of Year (MOY) conference which instead took place in May and gave Plaintiff three weeks to improve.

    b. Removed Plaintiff from her position as the Principle of the Whitenact School where she oversaw more than 300 students and 60 staff and demoted her to be principle of a newly established preschool program where she would oversee 90 students and 15 staff, thereby putting Plaintiff in a position with less actual authority over a 15 person staff, curriculum, hiring and denying Plaintiff the ability to work after school and earn additional pay.

    c. Replaced Plaintiff at the Whitenack School with a Caucasian who was then a middle school science teacher with no elementary experience.

    d. Had Plaintiff in the Whitenack School which was more heavily weighted with children with disabilities than any other elementary school in East Providence, thus making it harder for Plaintiff to perform her job duties.

17. As of the date the Plaintiff left her position, there were no more African American principals in East Providence where as in 2000 there were six. In 2000, the central office had 3 people of colors. Currently there is one African American person in central office, and no African American building principals.

18. The Defendant EPSD and Crowley also created a hostile environment for the Plaintiff due to her earlier protected conduct by failing to provide assistance to the Plaintiff in her

Case Number: PC-2017-1610
Filed in Providence/Bristol County Superior Court
Submitted: 4/11/2017 9:16:00 AM
Envelope: 999756
Reviewer: Lynn G.

termination of a substandard substitute teacher who was improperly instructing students in math, deliberately circumventing the Plaintiff's authority by failing to provide her information about behavioral issues with her students to set her up for failure and by constantly undermining her authority with her staff, and empowering them to say she has a negative school culture.

19. In addition, Defendant City of East Providence by and through the Defendant EPSD retaliated against the Plaintiff for taking Family Medical Leave from June 3, 2015 through June 30, 2015 – full days, August 25, 2015 through December 31, 2015 Plaintiff worked 5 and ¾ hours per day and June 21, 2016 through June 30, 2016.

## COUNT I.
## BREACH OF CONTRACT

20. The allegations of above paragraphs are hereby re-alleged and incorporated by reference.

21. The settlement agreement between the parties constitutes a contract.

22. The Defendants City of East Providence and City of East Providence School Department breached the contract by failing to follow its provisions with respect to retaliating against the Plaintiff and in the hiring and placement of an Affirmative Action officer, first leaving the position vacant, then hiring the Assistant Superintendent to fill the position. The Superintendent served as Affirmative Action Officer in the absence of the Assistant Superintendent.

23. There is a complete lack of a justiciable issue with respect the Defendant City of East Providence's and Defendant City of East Providence School Department's breach of the contract.

WHEREFORE, Plaintiff seeks a judgment against the Defendant City of East Providence and Defendant City of East Providence School Department, Jointly and Severally, requiring such equitable relief as may be ordered by this Honorable Court, including an order directing that the Defendants comply with the provisions of the contract, damages to be determined by a jury based on amounts of wages lost by the Plaintiff due to the Defendants' breach, Attorneys' fees under R.I.G.L. § 9-1-45 and cost.

## COUNT II.
## CIVIL RIGHTS ACT OF 1866 RETALIATION

24. The allegations of above paragraphs are hereby re-alleged and incorporated by reference.

25. The actions set forth above of each Defendant against Plaintiff were taken in response to her filing an action with the Court on November 17, 2014.

26. Each of these actions have deprived Plaintiff and her African-American counterparts from the right to make and enforce her contract of employment and to have the full and equal benefit of all laws as is enjoyed Caucasian American citizens, as described above and to be further proved at trial, because of her race, in violation of the Civil Rights Act

Case Number: PC-2017-1610
Filed in Providence/Bristol County Superior Court
Submitted: 4/11/2017 9:16:00 AM
Envelope: 999756
Reviewer: Lynn G.

of 1866, 42 U.S.C. § 1981.

27. These discriminatory actions and inactions of each Defendant were committed intentionally and, are a direct, legal and proximate result of this discriminatory conduct; Plaintiff has suffered significant financial loss, severe emotional distress and other injuries to be proved at trial.

28. The City of East Providence is liable for the actions of its agents and the school EPSD as joint employers and had constructive knowledge via its Human Resources Department of Plaintiff's reports to of City of East Providence of its agent's discriminatory and illegal conduct toward the Plaintiff.

29. Accordingly, Plaintiff seeks compensatory, punitive and other damages and expenses allowed by law against each Defendant in an amount to be proved at trial.

30. Plaintiff further seeks all available declaratory and equitable relief against the defendants for Plaintiff, as appropriate.

WHEREFORE, Plaintiff seeks a judgment against the Defendants jointly and severally, requiring such equitable relief as may be ordered by this Honorable Court, including an order directing that the Defendants comply with the provisions of the contract, damages to be determined by a jury based on amounts of wages lost by the Plaintiff due to the Defendants breach, Attorneys' fees and cost.

## COUNT III.
## CIVIL RIGHTS ACT OF 1866 DISPARATE INPACT

31. The allegations set forth in paragraphs hereinabove and below are incorporated by reference as though fully set forth herein.

32. Defendant City of East Providence and Defendant City of East Providence School Department engaged in hiring and employment practices which were deliberately aimed at preventing people of color from being selected for hire by the Defendant City of East Providence and City of East Providence School Department, and which prevented people of color from having the same opportunity as Caucasians for jobs with the City of East Providence and City of East Providence School Department as is demonstrated by the lack of people of color in the City of East Providence School Department's central office, and employment of only 4% of people of color overall in the EPSD where as the City of East Providence shows a population which is 15% of color.

33. The actions and inaction of the Defendant City of East Providence, Defendant City of East Providence School Department and Defendant Crowley denied Plaintiff the right to work in an environment free from racial animus and otherwise make, enforce, and enjoy the benefits of her contract of employment and to have the full and equal benefit of all laws without the burden caused by defendants' racial harassment and discrimination, as

Case Number: PC-2017-1610
Filed in Providence/Bristol County Superior Court
Submitted: 4/11/2017 9:16:00 AM
Envelope: 999756
Reviewer: Lynn G.

       described above and to be proved to a jury at trial, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

34. These discriminatory actions and inactions of each Defendant were committed intentionally and as a direct, legal and proximate result of this discriminatory conduct, Plaintiff has suffered significant financial loss, severe emotional distress and other injuries to be proved at trial.

35. Each defendant's conduct was carried out by and with the knowledge of upper management and willful, deliberate, and in conscious derogation of Plaintiff's federally protected rights such that an award of punitive damages is appropriate.

36. Accordingly, Plaintiff seeks compensatory, punitive and other damages and expenses allow by law against each defendant in an amount to be proved at trial.

37. Plaintiff further seeks all available declaratory and equitable relief against all defendants and for Plaintiff, as appropriate.

Count IV.
Family Medical Leave Act
29 U.S.C. 28

38. The allegations in preceding paragraphs are hereby re-alleged and incorporated by reference herein.

39. The Defendant City of East Providence School Department and Defendant City of East Providence are entities that are subject to the Family Medical Leave Act (FMLA).

40. The Plaintiff was an employee entitled to the protections of the FMLA as a full time employee of the Defendant City of East Providence who had worked for the Defendant City of East Providence through the Defendant City of East Providence School Department for more than one year and deemed to have worked more than 1250 hours in that one year.

41. Plaintiff took FMLA leave from the Defendant City of East Providence and the Defendant EPSD's employ to deal with a serious health condition on the above mentioned dates

42. Upon her return to her position on January 4, 2016, the Defendants retaliated against the Plaintiff for exercising her rights under the FMLA.

43. The Defendants deliberately retaliated against the Plaintiff for taking FMLA leave in violation of the act by:

    a. Providing Plaintiff with a substandard evaluation and listing her as "Developing" when the City of East Providence by and through its agent, failed to follow the proper evaluation protocol which would have given the Plaintiff a Middle of Year (MOY) conference which instead took place in May and gave Plaintiff three weeks to improve.

    b. Removed Plaintiff from her position as the Principal of the Whiteknact School

Case Number: PC-2017-1610
Filed in Providence/Bristol County Superior Court
Submitted: 4/11/2017 9:16:00 AM
Envelope: 999756
Reviewer: Lynn G.

where she oversaw more than 300 students and 60 staff and demoted her to be principal of a newly established preschool program where she would oversee 90 students and 15 staff, thereby putting Plaintiff in a position with less actual authority over the 15 person staff, curriculum, hiring and denying Plaintiff the ability to work after school and earn additional pay.

c. Replaced Plaintiff at the Whiteknact School with a Caucasian who is currently a middle school science teacher with no elementary experience.

d. Had Plaintiff in the Whiteknact School which was more heavily weighted with children with disabilities than any other elementary school in East Providence, thus making it harder for Plaintiff to perform her job duties.

44. Accordingly, Plaintiff seeks compensatory, liquidated and other damages and expenses allowed by law against each Defendant in an amount to be proved at trial.

45. Plaintiff further seeks all available declaratory and equitable relief against the defendants for Plaintiff, as appropriate.

WHEREFORE, Plaintiff seeks a judgment against the Defendants jointly and severally, requiring such equitable relief as may be ordered by this Honorable Court, including an order directing that the Defendants comply with the provisions of the contract, damages to be determined by a jury based on amounts of wages lost by the Plaintiff due to the Defendants breach, Attorneys' fees and cost.

## COUNT V.
## ATTORNEYS' FEES AND COSTS

46. The allegations set forth in paragraphs hereinabove and below are incorporated by reference as though fully set forth herein.

47. The misfeasance and wrongful conduct of City of East Providence evidences such bad faith, and vexatiousness and was carried out with such conscious and reckless disregard of the rights of Plaintiff that such conduct on the part of City of East Providence s entitles Plaintiff to recover her reasonable costs and expenses, including, but not limited to, attorneys' fees, incurred in connection with this action.

48. Plaintiff is therefore entitled to recover her reasonable attorneys' fees and other costs of litigation pursuant 42 U.S.C. Section 1988, in an amount to be proved at the time of trial.

49. All conditions precedent to bringing this Count have been completed, perfected and/or waived.

Case Number: PC-2017-1610
Filed in Providence/Bristol County Superior Court
Submitted: 4/11/2017 9:16:00 AM
Envelope: 999756
Reviewer: Lynn G.

## COUNT VI.
### DISCRIMINATORY HIRING PRACTICES AND RETALIATION FOR ENGAGING IN PROTECTED ACTIVITIES BASED ON RACE IN VIOLATION OF STATE LAW.

50. The allegations set forth in paragraphs hereinabove and below are incorporated by reference as though fully set forth herein.

51. This is a claim by the plaintiff against the City of East Providence which incorporates all facts previously stated herein.

52. The foregoing actions of City of East Providence s demonstrate violations of Rhode Island General Laws 42-112-1 et seq., in as much as City of East Providence s policies and procedures resulted in discriminatory hiring procedures, and City of East Providence s retaliated against the Plaintiff for engaging in protected activities, namely filing the complaint with the State Court on November 17, 2014.

53. Accordingly, Plaintiff seeks compensatory, punative and other damages and expenses allowed by law against each Defendant in an amount to be proved at trial.

54. Plaintiff further seeks all available declaratory and equitable relief against the defendants for Plaintiff, as appropriate.

WHEREFORE, Plaintiff seeks a judgment against the Defendants jointly and severally, requiring such equitable relief as may be ordered by this Honorable Court, including an order directing that the Defendants comply with the provisions of the contract, damages to be determined by a jury based on amounts of wages lost by the Plaintiff due to the Defendants breach, Attorneys' fees and cost.

## COUNT VII.
### R.I.G.L. 28-50-1 Et Seq., Whistleblower Act.

55. The allegations set forth in paragraphs hereinabove and below are incorporated by reference as though fully set forth herein.

56. This is a claim by the plaintiff against the Defendants which incorporates all facts previously stated herein.

57. The foregoing actions of Defendants demonstrate violations of Rhode Island General Laws 28-50-1 et seq., in as much as Defendants retaliated against the Plaintiff for engaging in protected activities, namely filing the complaint with the State Court on November 17, 2014 and otherwise making protected complaints of its violation of state and federal laws.

58. Accordingly, Plaintiff seeks compensatory, liquidated and other damages and expenses allowed by law against each Defendant in an amount to be proved at trial.

59. Plaintiff further seeks all available declaratory and equitable relief against the defendants

Case Number: PC-2017-1610
Filed in Providence/Bristol County Superior Court
Submitted: 4/11/2017 9:16:00 AM
Envelope: 999756
Reviewer: Lynn G.

for Plaintiff, as appropriate.

WHEREFORE, Plaintiff seeks a judgment against the Defendants jointly and severally, requiring such equitable relief as may be ordered by this Honorable Court, including an order directing that the Defendants comply with the provisions of the contract, damages to be determined by a jury based on amounts of wages lost by the Plaintiff due to the Defendants breach, Attorneys' fees and cost.

## PRAYER FOR RELIEF

WHEFORE, PLAINTIFF prays that this Court:

a. Award Plaintiff compensatory damages, including without limitation, all back pay, benefits, and other forms of compensation lost as a result of defendants unlawful conduct;

b. Award Plaintiff front pay as is just, equitable and appropriate;

c. Liquidated damages as allowed by the FMLA.

d. Award Plaintiff other nominal, general, special and consequential damages incurred as a result of defendants' conduct;

e. Award Plaintiff interest;

f. Award Plaintiff punitive damages;

g. Award Plaintiff her costs and expenses of this action, including reasonable attorney fees as authorized by law and

h. Award such other and further legal and equitable relief as will effectuate the purposes of law, or as the Court deems just and proper.

i. Removal of Plaintiff's "Developing" Score on "EPSS" at the Rhode Island Department of Education, to be replaced with "Effective."

j. Award three positive letters of recommendation from her superiors which will be placed in Plaintiff's file, and given to her hard copy and electronically.

Case Number: PC-2017-1610
Filed in Providence/Bristol County Superior Court
Submitted: 4/11/2017 9:16:00 AM
Envelope: 999756
Reviewer: Lynn G.

Respectfully submitted, Plaintiff
By Her Attorneys,

/s/ Sonja L. Deyoe
Sonja L. Deyoe, #6301
Law Offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908
(401) 864-5877
sld@the-straight-shooter.com

Case Number: PC-2017-1610
Filed in Providence/Bristol County Superior Court
Submitted: 4/11/2017 9:16:00 AM
Envelope: 999756
Reviewer: Lynn G.

| | |
|---|---|
| STATE OF RHODE ISLAND<br>PROVIDENCE, S.C, | SUPERIOR COURT |
| NADINE E. LIMA | |
| v. | P.C.17 |
| CITY OF EAST PROVIDENCE, by and<br>Through its Finance Director, Malcolm Moore And<br>CITY OF EAST PROVIDENCE SCHOOL<br>DEPARTMENT, by and through its<br>Superintendent, individually and in her official<br>Capacity, KATHRYN CROWLEY | |

### JURY DEMAND

Plaintiff hereby demands jury trial on all counts so triable.

Respectfully submitted, Plaintiff
By Her Attorneys,

/s/ Sonja L. Deyoe
Sonja L. Deyoe, #6301
Law Offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908
(401) 864-5877
sld@the-straight-shooter.com